UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

BRADLEY PATRICK ZADUL,

        Plaintiff,

      v.                            24-CV-768 (JLS)

KATHY HOCHUL, *Governor*;
WOLCOTT, *Superintendent of Attica*
*Correctional Facility*; PA THOMAS
URSCHEL, *Provider #0474 Attica*;
EDGAR BANGIL, *Doctor*; HILL,
Superintendent; JOHN/JANE DOE,
*Medical Director Attica*; JOHN/JANE
DOE, *Medical Director Wyoming*;
SUPERINTENDENT CLINTON,
*Groveland Correctional Facility*;
MEDICAL DIRECTOR JANE/JOHN
DOE, *Groveland Correctional Facility*;
MEDICAL SUPERVISOR JANE/JOHN
DOE, *Groveland Correctional Facility*;
DOCTOR JOHN DOE, *Groveland*
*Correctional Facility*,[1]

        Defendants.

_____

### DECISION AND ORDER

*Pro se* plaintiff Bradley Patrick Zadul is incarcerated at the Groveland

Correctional Facility.  He filed this action seeking relief under 42 U.S.C. § 1983.

Dkt. 1; Dkt. 10.

_____

[1] The Clerk of the Court is requested to amend the docket as set forth above to
include the Defendants named in Zadul's supplemental affidavit (Dkt. 10).

Zadul also filed a motion for leave to proceed *in forma pauperis* ("IFP") with the required affirmation, certification, and authorization. Dkt. 2; Dkt. 11. Because Zadul meets the requirements of 28 U.S.C. § 1915(a) and filed the required documents, he is granted permission to proceed IFP. The Court, therefore, screens his complaint (Dkt. 1) and supplement (Dkt. 10) (together, his "pleadings"), pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a)–(b).

For the below reasons, the Court finds that Zadul's pleadings do not comply with the minimal pleading requirements of Federal Rules of Civil Procedure 8 ("Rule 8") and 10 ("Rule 10"). The pleadings, therefore, are dismissed without prejudice and with leave to refile in a manner that complies with Rules 8 and 10. Zadul's amended complaint is due by **September 28, 2026.**

## DISCUSSION

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). A court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915A(b)(1)–(2); *see* 28 U.S.C. § 1915(e)(2)(B) (setting forth the same criteria for dismissal).

Generally, a court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal, "unless [it] can rule out any possibility, however unlikely . . . , that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (citation modified).  But a court may deny leave to amend pleadings when any amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive[] . . . it is not an abuse of discretion to deny leave to amend.").

*Pro se* litigants are entitled to have their complaints construed "liberally," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), but they are "not exempt[ed] . . . from compliance with relevant rules of procedural and substantive law.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).  A *pro se* litigant's "technical pleading irregularities" need not be excused if they "undermine the purpose of notice pleading" or "prejudice the adverse party." *Phillips v. Girdich*, 408 F.3d 124, 128 (2d Cir. 2005).

Rules 8 and 10 are relevant to the Court's screening obligations under 28 U.S.C. §§ 1915 and 1915A.  Rule 8 sets forth the "General Rules of Pleading" and provides, in relevant part:

> (a) Claim for Relief.  A pleading that states a claim for relief must contain:
>
> > (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has

3

jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief;

(3) a demand for relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). The statement must be "plain" so that it fulfills "the principal function" of a complaint—"to give the adverse party fair notice of the claim asserted . . . ." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The statement must be "short" to facilitate ease of review by the opposing party and the Court. *Id.* "[I]f the [district] court dismisses the complaint for failure to comply with Rule 8, it should generally give the plaintiff leave to amend." *Simmons v. Abruzzo*, 49 F.3d 83, 86–87 (2d Cir. 1995).

Rule 10 governs the "Form of Pleadings" and provides, in relevant part: "[e]very pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a)[2] designation"; "the title of the complaint must name all the parties"; and the "party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10. Generally, "[a] party . . . not named in the caption of the complaint . . . is not a party to the action." *Abbas v. United States*, No. 10-CV-0141S, 2013 WL 12424565, at *8

---

[2] Rule 7(a) specifies that "only" the following pleadings are allowed: "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." Fed. R. Civ. P. 7(a).

4

(W.D.N.Y. Aug. 16, 2013); *see also Robles v. Armstrong*, No. 3:03-CV-1634, 2006 WL 752857, at \*1 n.1 (D. Conn. Mar. 17, 2006) ("The plaintiff refers to [John and Jane Does] . . . in the body of the amended complaint.  Rule 10(a) . . . requires that all defendants be listed in the caption of the complaint.  Because the John and Jane Does are not listed in the caption of the amended complaint, they are not defendants[,] and the court does not consider claims against them.").

Zadul's pleadings violate Rules 8 and 10 because they are unnecessarily wordy, reference individuals not named as defendants, do not pair allegations of misconduct with the defendants alleged to have engaged in the misconduct, and include 420 pages of unexplained documents.  The format of Zadul's allegations forces the Court to determine *who* Zadul is alleging harmed him and *how* each person harmed him.  *See Salahuddin*, 861 F.2d at 42 (pleadings that do not comply with Rule 8 "place[] an unjustified burden on the court" because it is "forced to select the relevant material from a mass of verbiage'" (citation modified)).

For example, the pleadings contain allegations against officials who are not named as defendants, making it "infeasible for the Court to determine which of the individual . . . officers mentioned in the body of the [pleadings] should be deemed to be defendants to such claims." *See Abbas v. United States*, No. 10-CV-0141, 2014 WL 3858398, at \*2 (W.D.N.Y. Aug. 1, 2014).  And Zadul does not explain how the attached documents relate to the allegations made in his complaint or reference any specific document in support of any claim.

Because Zadul is proceeding *pro se*, the Court will allow him to file an amended complaint that complies with Rule 8 and Rule 10. *See, e.g., Abbas*, 2013 WL 12424565, at *8; *Gause v. Claude*, No. 20-CV-4148(JMA)(SIL), 2022 WL 59674, at *3 (E.D.N.Y. Jan. 6, 2022). The Court will provide Zadul with a copy of the form Section 1983 complaint and instructions to use when filing his amended complaint.

Any amended complaint also shall: (1) be clearly labeled as "amended complaint"; (2) bear the same docket number as this decision and order (24-CV-768 (JLS)); (3) name each Defendant in the caption; (4) set forth, in numbered paragraphs, the factual basis for each claim; (5) include a demand for relief; and (6) include his signature. Any amended complaint should include "short and plain" factual allegations that tell the court *how* each named Defendant violated his federally or constitutionally protected rights; *when* and *where* such violations occurred; *why* he is entitled to relief; and *what type* of relief he seeks (*e.g.*, money damages, injunctive relief, or declaratory relief). Finally, if Zadul attached any documents to his amended complaint, he must specifically refer to each document in his amended complaint and explain why each document is relevant.

As explained above, Zadul's pleadings do not comply with Rule 8 and Rule 10 and are dismissed on that basis. The Court, however, notes the following legal requirements, which may apply to any claims alleged in an amended complaint.

6

## A.    First Amendment: Retaliation

"[P]rison officials may not retaliate against inmates for exercising their constitutional rights." *Baskerville v. Blot*, 224 F. Supp. 2d 723, 731 (S.D.N.Y. 2002). To plead a claim for retaliation under the First Amendment, a plaintiff must allege "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Bacon v. Phelps*, 961 F.3d 533, 542 (2d Cir. 2020) (quoting *Gill v. Pidlypchak,* 389 F.3d 379, 380 (2d Cir. 2004)).

"[F]iling . . . formal prisoner grievances is protected conduct under the First Amendment." *Shariff v. Poole*, 689 F. Supp. 2d 470, 478 (W.D.N.Y. 2010). An adverse action is conduct that would "deter a prisoner of ordinary firmness" from exercising his or her constitutional rights. *Burns v. Martuscello*, 890 F.3d 77, 93–94 (2d Cir. 2018) (quoting *Gill*, 389 F.3d at 384). A plaintiff may allege a causal connection with facts showing: "(1) the temporal proximity of the filing to the grievance and the [adverse] action; (2) the inmate's prior good disciplinary record; (3) vindication at a hearing on the matter; [or] (4) statements by the defendant regarding his motive for [the adverse action]." *Shariff*, 689 F. Supp. 2d at 479.

## B.    Eighth Amendment: Inadequate Medical Care

A claim of inadequate medical care rises to the level of a constitutional violation only where the facts alleged show that the defendant was deliberately indifferent to the plaintiff's serious medical need. *Estelle v. Gamble*, 429 U.S. 97,

104–05 (1976).  A serious medical need "exists where 'the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.'"  *Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000) (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)).

The subjective prong exists when "the official charged with deliberate indifference . . . act[ed] with a 'sufficiently culpable state of mind.'"  *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (citing *Wilson v. Seiter*, 501 U.S. 294, 297–98 (1991)).  In other words:

> [a] prison official cannot be found liable under the Eighth Amendment . . . unless [he or she] knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he [or she] must also draw the inference.

*Darby v. Greenman*, 14 F.4th 124, 128 (2d Cir. 2021) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

### C.    Medical Parole

Matters of medical parole based on a debilitating condition are governed by New York Executive Law § 259-s(2)(b).  Requests for medical parole must be made to the Commissioner of the Department of Corrections and Community Supervision; the "decision . . . as to whether an inmate should be certified to the Board for his or her eligibility for medical parole release is discretionary."  *Ifill v. Wright*, 94 A.D.3d 1259, 1260, 941 N.Y.S.2d 812, 813 (2012).

### D.    Liability of Supervisory Officials

To plead a claim against a supervisory defendant, a plaintiff must allege that individual's personal involvement in the alleged constitutional violation; it is not enough to assert that the defendant is a link in the chain of command. *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004). *Respondeat superior* liability is not available in a Section 1983 action. *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). There is "no special rule for supervisory liability." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (citation modified). Rather, "a plaintiff must plead and prove that each Government-official defendant, through the official's own individual actions[] . . . violated the Constitution." *Id.*

### CONCLUSION

For the above reasons, Zadul's motion to proceed IFP (Dkt. 11) is granted. His pleadings (Dkt. 1; Dkt. 10) are dismissed, without prejudice, and with leave to file an amended complaint. The amended complaint must conform to the Court's instructions above and is due by **September 28, 2026**. If Zadul does not file an amended complaint that complies with the above requirements by **September 28, 2026**, this case will be dismissed, without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and will be closed without further order.

Any amended complaint will *completely replace* his current pleadings. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, any amended complaint must include all factual allegations against each Defendant so that it is the only complaint that the defendants must answer.

9

## **ORDER**

IT HEREBY IS ORDERED that Zadul's motion to proceed IFP (Dkt. 11) is granted; and it is further

ORDERED that Zadul's pleadings (Dkt. 1; Dkt. 10) are dismissed, but he is granted permission to file an amended complaint, as directed above, by **September 28, 2026**; and it is further

ORDERED that the Clerk of the Court shall send to Zadul this decision and order, a copy of pages 1–10 from the original complaint (Dkt. 1), a copy of pages 1–10 from the supplement (Dkt. 10), a blank Section 1983 complaint form, and the instructions for preparing an amended complaint; and it is further

ORDERED that, if Zadul does not file an amended complaint as directed above, his pleadings shall be dismissed, without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); and it is further

ORDERED that, if the pleadings are dismissed because Zadul has not filed an amended complaint, the Clerk of Court shall close this case as dismissed, without prejudice, without further order; and it is further

ORDERED that, if the pleadings are dismissed because Zadul fails to file an amended complaint, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith. Leave to appeal as a poor person therefore is denied. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in

10

accordance with Rule 24 of the Federal Rules of Appellate Procedure; and it is further

ORDERED that, pursuant to Western District of New York Local Rule of Civil Procedure 5.2(d), Zadul must notify the Court in writing if his address changes. Failure to do so may result in dismissal of the action.

Dated:      August 12, 2026
            Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

11